UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL HALEEN SALAAM, Petitioner, v. SAN DIEGO COUNTY SUPERIOR COURT, Respondent. | Case No.: 26-cv-04973-BTM-BJW **ORDER DISMISSING CASE WITHOUT PREJUDICE** **[ECF NO. 1]** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee or submit a request to proceed in forma pauperis. (ECF No. 1 ("Pet.").) Because the Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the instant habeas case is subject to dismissal without prejudice. *See* Rules Governing § 2254 Cases R. 3(a) (2019).

In addition, Petitioner fails to name a proper respondent. In federal habeas cases, a state prisoner must name the state officer having custody of them as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rules Governing § 2254 Cases R. 2 (2019)). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

"[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rules Governing § 2254 Cases R. 2 (2019), advisory committee's note). Here, Petitioner has named as Respondent the San Diego County Superior Court. (*See* Pet., 1.) For the Court to proceed, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is currently confined or the Secretary of the California Department of Corrections and Rehabilitation. *See Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). Thus, the Petition is also subject to dismissal for failure to name a proper Respondent.

Finally, Petitioner has failed to allege that state court remedies have been exhausted. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *see Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). The claims presented in the federal courts must be the same as those exhausted in state court and must allege, in state court, how one or more federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("If state courts are to

be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

Petitioner indicates that his attorney did not file an appeal of his 2006 state court conviction (*see* Pet., 3), that "I've just discovered new laws and cases," and that "my case is currently at the appellate level pending appeal" (*Id.* at 4). Petitioner does not allege that he raised any claims in the California Supreme Court.

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases R. 4 (2019). Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because Petitioner has not satisfied the filing fee requirement, has not named a proper Respondent, and has not alleged exhaustion of state court remedies. If Petitioner wishes to proceed with this action, he must either pay the $5.00 filing fee or submit an application to proceed in forma pauperis **and** file a First Amended Petition which cures those defects of pleading **no later than November 9, 2026**. The Clerk of Court will send a blank Southern District of California In Forma Pauperis application and a blank Southern District of California amended § 2254 petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: September 14, 2026

Honorable Barry Ted Moskowitz
United States District Judge