UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ABDUL HALEEN SALAAM,
Petitioner,

v.

CHRISTOPHER LIVINGSTON, Warden,
Respondent.

Case No.: 26cv4973-BTM-BJW

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE**

**[ECF NO. 3]**

On August 28, 2026, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 conviction from the San Diego County Superior Court for first degree murder with a sentence of life without parole. (ECF No. 1.) On September 14, 2026, the Court dismissed this case for failure to satisfy the filing fee requirement, failure to name a proper Respondent, and failure to allege exhaustion of state court remedies. (ECF No. 2.) Petitioner has now filed a certified copy of his inmate trust account statement which the Court construes as a motion to proceed in forma pauperis along with a First Amended Petition. (ECF Nos. 3–4.)

A motion to proceed in forma pauperis made by a state prisoner must include an affidavit with a statement of all assets showing an inability to pay the $5.00 filing fee and must also include "a certificate from the warden or other appropriate officer of the place of

confinement showing the amount of money or securities that the petitioner has in any account in the institution." R. 3(a)(2), Rules Governing Section 2254 Cases (2019); *see also* S.D. Cal. CivLR 3.2. The declaration in support of the request to proceed in forma pauperis "must be executed under penalty of perjury." S.D. Cal. CivLR 3.2.a. The motion must also "contain a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the suit or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." S.D. Cal. CivLR 3.2.b; *see also* 28 U.S.C. § 1915(a)(2).

Petitioner has submitted a trust account statement which shows Petitioner has $82.60 on account at the correctional institution where he is presently confined. (*See* ECF No. 4, at 3.) In addition, Petitioner has not filed the required affidavit. Because Petitioner has not submitted the required affidavit and because it appears Petitioner can afford to pay the $5.00 filing fee, the motion to proceed in forma pauperis is **DENIED** without prejudice. *See* 28 U.S.C. § 1914(a).

Although Petitioner has now named a proper Respondent, Petitioner has once again failed to allege that state court remedies have been exhausted. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.") "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") The claims presented in the federal courts must be the same as those exhausted in state court and must allege, in

state court, how one or more federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that . . . a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")

Petitioner indicates that he has not presented his claims to the California Supreme Court because "my counsel never advised me to do so." (ECF No. 3, at 5.) The Court has discretion to allow Petitioner to seek a stay of these proceedings in order to present his claims to the California Supreme Court in order to exhaust state court remedies. Under this procedure he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claims, and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). However, that procedure is not available at this time because the First Amended Petition as drafted does not contain a claim which is cognizable on federal habeas.

To present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). The First Amended Petition includes two claims: (1) "Insufficient evidence to support first degree murder"; and (2) "I suffered a violation of the Racial Justice Act." (ECF No. 3, at 6–7.) These claims appear to rely only on state law. (*See id.* at 17–18.) Nowhere in the First Amended Petition does Petitioner allege he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C.

§ 2254(a). Accordingly, Petitioner's claims as drafted are not cognizable on federal habeas review because it is unclear how they challenge the federal constitutional validity or duration of his confinement. *See* 28 U.S.C. § 2254(a).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." R. 4, Rules Governing Section 2254 Cases (2019). Here, it appears plain from the First Amended Petition that Petitioner is not presently entitled to federal habeas relief because Petitioner has not satisfied the filing fee requirement, has not alleged exhaustion of state court remedies and has not stated a federally cognizable claim. Petitioner's motion to proceed in forma pauperis is **DENIED** and the First Amended Petition is **DISMISSED** without prejudice.

If Petitioner wishes to proceed with this action, he must file a Second Amended Petition **and** either (1) pay the $5.00 filing fee or (2) file a properly supported in forma pauperis motion **no later than December 9, 2026**. If the Second Amended Petition includes arguably meritorious claims which are cognizable on federal habeas and which Petitioner wishes to return to state court to exhaust, he may file a motion for a stay and abeyance of the Second Amended Petition while he returns to state court to exhaust those claims. To be entitled to a stay and abeyance, Petitioner must demonstrate that he is diligently pursuing his state court remedies for those claims and that good cause exists for his failure to timely exhaust his state court remedies. *See Rhines*, 544 U.S. at 277–78.

The Clerk of Court will mail a blank Southern District of California Section 2254 petition form and a blank Southern District of California in forma pauperis form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: October 26, 2026

Barry Ted Moskowitz

Honorable Barry Ted Moskowitz
United States District Judge